Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT
JUN 14 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAURA LIMA,

        Plaintiff,

   v.

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendants.

) Case No. **CV 05-4174-JFW (CTx)**
)
) **STANDING ORDER**
)

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    This action has been assigned to the calendar of Judge John F. Walter. Both the Court and counsel bear responsibility for the progress of litigation in Federal Court. To secure the just, speedy, and inexpensive determination of every action, Fed.R.Civ.P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

/ / /

/ / /

DOCKETED ON CM
JUN 15 2005
BY ___

IT IS HEREBY ORDERED:

1. **Service of the Complaint**: The plaintiff shall promptly serve the Complaint in accordance with Fed.R.Civ.P. 4 and file the proof(s) of service pursuant to Local Rule 5-3.

2. **Presence of Lead Counsel**: Lead trial counsel shall attend all proceedings before this Court, including all scheduling, status and settlement conferences.

3. **Discovery**:

(a) All discovery matters have been referred to a United States Magistrate Judge. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

All decisions of the Magistrate Judge shall be final, subject to modification by the District Court only where it is shown that the Magistrate Judge's Order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within ten days of service of a written ruling or within ten days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with a memorandum of points and authorities. Counsel shall deliver a conformed

copy of the moving papers and responses to the Magistrate Judge at the time of filing.

(b) Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, counsel should begin to actively conduct discovery before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed.R.Civ.P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

(c) If expert witnesses are to be called at trial, the parties shall designate affirmative experts to be called at trial and provide reports required by Fed.R.Civ.P. 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date. Rebuttal expert witnesses shall be designated and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date. Failure to timely comply with these deadlines may result in the expert being excluded as a witness at trial.

4. **Motions**:

(a) **Time for Filing and Hearing Motions**: Motions shall be filed in accordance with Local Rule 7. This Court hears motions on **Mondays, commencing at 1:30 p.m. No supplemental brief shall be filed without prior leave of Court.** Conformed courtesy copies of motions, oppositions and reply papers shall be deposited in the drop box located in the entrance way to Chambers **by 4:00 p.m. on the date filed.**

Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under Local Rule 7-3)[1], especially for perceived defects in a Complaint, Answer or Counterclaim which could be corrected by amendment.  See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)(where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the Complaint could not be saved by any amendment).  Moreover, a party has the right to amend its Complaint "once as a matter of course at any time before a responsive pleading is served."  Fed.R.Civ.P. 15(a).  Even after a Complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a).  The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the Complaint and that in many instances, the moving party should agree to any amendment that would cure a curable defect.

---

[1] Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly. . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other nonsubstantive matters during the conference.

4

In the unlikely event that motions under Fed.R.Civ. P. 12 challenging pleadings are filed after the Scheduling Conference, the moving party shall attach a copy of the challenged pleading to the memorandum of points and authorities in support of the motion.

In the event the Court grants a motion to dismiss without prejudice to re-filing an amended complaint, the plaintiff shall file an amended complaint within the time period specified by the Court. Failure to file an amended complaint within the time allotted will result in the dismissal of the action with prejudice.

In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page, line number(s), and wording of any proposed change or addition of material.

The parties shall deliver to Chambers a redlined version of the proposed amended pleading indicating all additions and deletions of material.

**(b) Length and Format of Motion Papers: Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. All evidence in support of or in opposition to a motion, including declarations and exhibits to declarations, shall be separated by a tab divider on the

bottom of the page. If evidence in support of or in opposition to a motion exceeds twenty pages, the evidence must be in a separately bound volume and include a Table of Contents. If such evidence exceeds fifty pages, the Court's courtesy copy of such evidence shall be placed in a Slant D-Ring binder with each item of evidence separated by a tab divider on the right side. All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

**Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman is used, the font size must be no less than 14; if Courier is used, the font size must be no less than 12.** Footnotes shall be in the same typeface and font size as the text and shall be used sparingly.

Documents which do not conform to the Local Rules and this Order will not be considered.

**(c) Citations to Case Law**: Citations to case law **must** identify not only the case being cited, but the specific page referenced.

**(d) Citations to Other Sources**: Statutory references should identify, with specificity, which sections and subsections are being referenced (*e.g.*, Jurisdiction over this claim for relief may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references which do not specifically

indicate the appropriate section and subsection (e.g., Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**. Citations to treatises, manuals, and other materials should similarly include the volume and the section referenced.

5. **Proposed Orders**: Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**Caveat: Failure to respond to any motion shall be deemed by the Court as consent to the granting of the motion.**

6. **Ex Parte Applications**: Ex parte applications are solely for extraordinary relief. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications that fail to conform with Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered. Any opposition must be filed not later than twenty-four hours after service of the ex parte application. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. A conformed courtesy copy of moving, opposition, or notice of non-opposition papers should be deposited in the drop box located in the entrance way to Chambers. The Courtroom Deputy Clerk will notify counsel of the Court's

ruling or a hearing date and time, if the Court determines a hearing is necessary.

7. **Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date**: No stipulations extending the time to file any required document or to continue any date are effective until and unless the Court approves them. Both applications and stipulations must set forth:

    (a) the existing due date or hearing date, the discovery cut-off date, the last day for hearing on motions, as well as the Pre-Trial Conference date and Trial date;

    (b) specific, concrete reasons supporting good cause for granting the extension; and

    (c) whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court.

8. **TROs and Injunctions**: Parties seeking emergency or provisional relief shall comply with Fed.R.Civ.P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall deposit conformed courtesy copies of all papers relating to TROs and injunctions in the drop box in the entrance way to Chambers.

9. **Cases Removed From State Court**: All documents filed in state court, including documents appended to the Complaint, Answer(s) and Motion(s), must be refiled in this

1  Court as a supplement to the Notice of Removal.  See 28
2  U.S.C. § 1447(a)(b).  If the defendant has not yet answered
3  or moved, the Answer or responsive pleading filed in this
4  Court must comply with the Federal Rules of Civil Procedure
5  and the Local Rules of the Central District.  If before the
6  case was removed a motion was pending in state court, it must
7  be re-noticed in accordance with Local Rule 7.

   10. **Status of Fictitiously Named Defendants**: This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the Complaint: (See 28 U.S.C. §§ 1441(a) and 1447.)

   (a) Plaintiff shall ascertain the identity of and serve any fictitiously named defendants within 120 days of the date that the Complaint was filed in State Court.

   (b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an ex parte application requesting permission to extend the period to effectuate service may be filed with the Court.  Such application shall state the reasons therefore, and may be granted upon a showing of good cause.  The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may respond within seven calendar days of the filing of the ex parte application.

   (c) If plaintiff desires to substitute a named defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and

1  counsel for the fictitiously named party, if that party has
2  separate counsel).  If consent is withheld or denied,
3  plaintiff may apply ex parte requesting such amendment, with
4  notice to all appearing parties. Each party shall have seven
5  calendar days to respond.  The ex parte application and any
6  response should comment not only on the substitution of the
7  named party for a fictitiously named defendant, but on the
8  question of whether the matter should thereafter be remanded
9  to the Superior Court if diversity of citizenship is
10 destroyed by the addition of the new substituted party.  See
11 28 U.S.C. § 1447(c)(d).

12      **11. Bankruptcy Appeals**: Counsel shall comply with the
13 NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT issued at the
14 time the appeal is filed in the District Court.  The matter
15 is considered submitted upon the filing of the final brief.
16 No oral argument is held unless otherwise ordered by the
17 Court.

18      **12. Communications with Chambers**: Counsel shall not
19 attempt to contact the Court or its Chambers staff by
20 telephone or by any other ex parte means, although counsel
21 may contact the Courtroom Deputy Clerk, at (213) 894-5396,
22 with appropriate inquiries.  To facilitate communication with
23 the Courtroom Deputy Clerk, counsel should list their
24 facsimile transmission numbers along with their telephone
25 numbers on all papers.

26      **13. Notice of This Order**: Counsel for plaintiff shall
27 immediately serve this Order on all parties, including any
28 new parties to the action.  If this case came to the Court by

noticed removal, defendant shall serve this Order on all other parties.

**Caveat:  If counsel fail to file the required Joint Rule 26(f) Report or the required Pre-Trial documents, or if counsel fail to appear at the Scheduling Conference, the Pre-Trial Conference and/or any other proceeding scheduled by the Court, and such failure is not otherwise satisfactorily explained to the Court: (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.**

DATED:    June 14, 2005

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

(Rev. 3/02/05)                                11