

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 4 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

11   LAURA LIMA,                          ) Case No. **CV 05-4174-JFW (CTx)**
                                          )
12                  Plaintiff,            ) **STANDING ORDER**
                                          )
13        v.                              )
                                          )
14   STATE FARM FIRE AND                  )
     CASUALTY COMPANY,                     )
15                                        )
                                          )
16                  Defendants.           )
     _____

17        **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND**

18   **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19        This action has been assigned to the calendar of Judge

20   John F. Walter.  Both the Court and counsel bear

21   responsibility for the progress of litigation in Federal

22   Court.  To secure the just, speedy, and inexpensive

23   determination of every action, Fed.R.Civ.P. 1, all counsel

24   are ordered to familiarize themselves with the Federal Rules

25   of Civil Procedure and the Local Rules of the Central

26   District of California.

27   / / /

28   / / /



DOCKETED ON CM

JUN 1 5 2005

BY          DW     026

5

1    IT IS HEREBY ORDERED:

2    **1.    <u>Service of the Complaint</u>**: The plaintiff shall

3  promptly serve the Complaint in accordance with Fed.R.Civ.P.

4  4 and file the proof(s) of service pursuant to Local Rule

5  5-3.

6    **2.    <u>Presence of Lead Counsel</u>**: Lead trial counsel shall

7  attend all proceedings before this Court, including all

8  scheduling, status and settlement conferences.

9    **3.    <u>Discovery</u>**:

10   (a) All discovery matters have been referred to a

11  United States Magistrate Judge.  (The Magistrate Judge's

12  initials follow the Judge's initials next to the case

13  number.)  All discovery documents must include the words

14  "DISCOVERY MATTER" in the caption to ensure proper routing.

15  Counsel are directed to contact the Magistrate Judge's

16  Courtroom Deputy Clerk to schedule matters for hearing.

17   All decisions of the Magistrate Judge shall be

18  final, subject to modification by the District Court only

19  where it is shown that the Magistrate Judge's Order is

20  clearly erroneous or contrary to law.  Any party may file and

21  serve a motion for review and reconsideration before this

22  Court.  The moving party must file and serve the motion

23  within ten days of service of a written ruling or within ten

24  days of an oral ruling that the Magistrate Judge states will

25  not be followed by a written ruling.  The motion must specify

26  which portions of the ruling are clearly erroneous or

27  contrary to law and support the contention with a memorandum

28  of points and authorities.  Counsel shall deliver a conformed

1  copy of the moving papers and responses to the Magistrate

2  Judge at the time of filing.

3       (b) Unless there is a likelihood that upon motion by

4  a party the Court would order that any or all discovery is

5  premature, counsel should begin to actively conduct discovery

6  before the Scheduling Conference.  At the very least, the

7  parties shall comply fully with the letter and spirit of

8  Fed.R.Civ.P. 26(a) and thereby obtain and produce most of

9  what would be produced in the early stage of discovery,

10  because at the Scheduling Conference the Court will impose

11  tight deadlines to complete discovery.

12       (c)  If expert witnesses are to be called at trial,

13  the parties shall designate affirmative experts to be called

14  at trial and provide reports required by Fed.R.Civ.P.

15  26(a)(2)(B) not later than eight weeks prior to the discovery

16  cut-off date.  Rebuttal expert witnesses shall be designated

17  and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B)

18  not later than five weeks prior to the discovery cut-off

19  date.  Failure to timely comply with these deadlines may

20  result in the expert being excluded as a witness at trial.

21     **4.**  **Motions:**

22      **(a) Time for Filing and Hearing Motions**: Motions

23  shall be filed in accordance with Local Rule 7.  This Court

24  hears motions on **Mondays, commencing at 1:30 p.m.  No**

25  **supplemental brief shall be filed without prior leave of**

26  **Court**.  Conformed courtesy copies of motions, oppositions and

27  reply papers shall be deposited in the drop box located in

28  the entrance way to Chambers **by 4:00 p.m. on the date filed.**

3

1 Many motions to dismiss or to strike could be avoided if the
2 parties confer in good faith (as they are required to do
3 under Local Rule 7-3)[1], especially for perceived defects in a
4 Complaint, Answer or Counterclaim which could be corrected by
5 amendment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.
6 1996)(where a motion to dismiss is granted, a district court
7 should provide leave to amend unless it is clear that the
8 Complaint could not be saved by any amendment). Moreover, a
9 party has the right to amend its Complaint "once as a matter
10 of course at any time before a responsive pleading is
11 served." Fed.R.Civ.P. 15(a). Even after a Complaint has
12 been amended or a responsive pleading has been served, the
13 Federal Rules provide that leave to amend should be "freely
14 given when justice so requires." Fed.R.Civ.P. 15(a). The
15 Ninth Circuit requires that this policy favoring amendment be
16 applied with "extreme liberality." Morongo Band of Mission
17 Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).
18     These principles require that counsel for the
19 plaintiff should carefully evaluate the defendant's
20 contentions as to the deficiencies in the Complaint and that
21 in many instances, the moving party should agree to any
22 amendment that would cure a curable defect.
23

24     [1] Among other things, Local Rule 7-3 requires counsel to
25 engage in a pre-filing conference "to discuss thoroughly. . .
the substance of the contemplated motion and any potential
26 resolution." Counsel should discuss the issues with
sufficient detail so that if a motion is still necessary, the
27 briefing may be directed to those substantive issues
requiring resolution by the Court. Counsel should resolve
28 minor procedural or other nonsubstantive matters during the
conference.

4

1    In the unlikely event that motions under Fed.R.Civ.

2  P. 12 challenging pleadings are filed after the Scheduling

3  Conference, the moving party shall attach a copy of the

4  challenged pleading to the memorandum of points and

5  authorities in support of the motion.

6    In the event the Court grants a motion to dismiss

7  without prejudice to re-filing an amended complaint, the

8  plaintiff shall file an amended complaint within the time

9  period specified by the Court.  Failure to file an amended

10  complaint within the time allotted will result in the

11  dismissal of the action with prejudice.

12    In addition to the requirements of Local Rule 15-1,

13  all motions to amend the pleadings shall: (1) state the

14  effect of the amendment; (2) be serially numbered to

15  differentiate the amendment from previous amendments; and (3)

16  state the page, line number(s), and wording of any proposed

17  change or addition of material.

18    The parties shall deliver to Chambers a redlined

19  version of the proposed amended pleading indicating all

20  additions and deletions of material.

21    **(b) Length and Format of Motion Papers: Memoranda of**

22  **Points and Authorities in support of or in opposition to**

23  **motions shall not exceed 25 pages.  Replies shall not exceed**

24  **12 pages.**  Only in rare instances and for good cause shown

25  will the Court grant an application to extend these page

26  limitations.  All evidence in support of or in opposition to

27  a motion, including declarations and exhibits to

28  declarations, shall be separated by a tab divider on the

1  bottom of the page. If evidence in support of or in

2  opposition to a motion exceeds twenty pages, the evidence

3  must be in a separately bound volume and include a Table of

4  Contents. If such evidence exceeds fifty pages, the Court's

5  courtesy copy of such evidence shall be placed in a Slant D-

6  Ring binder with each item of evidence separated by a tab

7  divider on the right side. All documents contained in the

8  binder must be three hole punched with the oversized 13/32"

9  hole size, not the standard 9/32" hole size.

10  **Typeface shall comply with Local Rule 11-3.1.1.**

11  **NOTE: If Times Roman is used, the font size must be no less**

12  **than 14; if Courier is used, the font size must be no less**

13  **than 12.** Footnotes shall be in the same typeface and font

14  size as the text and shall be used sparingly.

15  Documents which do not conform to the Local Rules

16  and this Order will not be considered.

17  **(c) Citations to Case Law:** Citations to case law

18  **must** identify not only the case being cited, but the specific

19  page referenced.

20  **(d) Citations to Other Sources:** Statutory references

21  should identify, with specificity, which sections and

22  subsections are being referenced (_e.g._, Jurisdiction over

23  this claim for relief may appropriately be found in 47 U.S.C.

24  § 33, which grants the district courts jurisdiction over all

25  offenses of the Submarine Cable Act, whether the infraction

26  occurred within the territorial waters of the United States

27  or on board a vessel of the United States outside said

28  waters). Statutory references which do not specifically

6

1 indicate the appropriate section and subsection (e.g.,
2 Plaintiffs allege conduct in violation of the Federal
3 Electronic Communication Privacy Act, 18 U.S.C. § 2511, et
4 seq.) are to be **avoided**. Citations to treatises, manuals,
5 and other materials should similarly include the volume and
6 the section referenced.

7     **5.**    **Proposed Orders**: Each party filing or opposing a
8 motion or seeking the determination of any matter shall serve
9 and lodge a Proposed Order setting forth the relief or
10 action sought and a brief statement of the rationale for the
11 decision with appropriate citations.

12 **Caveat: Failure to respond to any motion shall be deemed by**
13 **the Court as consent to the granting of the motion.**

14     **6.**    **Ex Parte Applications**: Ex parte applications are
15 solely for extraordinary relief. See Mission Power Eng'g Co.
16 v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995).
17 Applications that fail to conform with Local Rules 7-19 and
18 7-19.1, including a statement of opposing counsel's position,
19 will not be considered. Any opposition must be filed not
20 later than twenty-four hours after service of the ex parte
21 application. If counsel do not intend to oppose the ex parte
22 application, counsel must inform the Courtroom Deputy Clerk
23 by telephone. The Court considers ex parte applications on
24 the papers and usually does not set these matters for
25 hearing. A conformed courtesy copy of moving, opposition, or
26 notice of non-opposition papers should be deposited in the
27 drop box located in the entrance way to Chambers. The
28 Courtroom Deputy Clerk will notify counsel of the Court's

1 ruling or a hearing date and time, if the Court determines a
2 hearing is necessary.

3   **7.  <u>Applications or Stipulations to Extend the Time to
4 File any Required Document or to Continue Any Date</u>**: No
5 stipulations extending the time to file any required document
6 or to continue any date are effective until and unless the
7 Court approves them.  Both applications and stipulations must
8 set forth:

9       (a) the existing due date or hearing date, the
10 discovery cut-off date, the last day for hearing on motions,
11 as well as the Pre-Trial Conference date and Trial date;

12       (b) specific, concrete reasons supporting good cause
13 for granting the extension; and

14       (c) whether there have been prior requests for
15 extensions, and whether these requests were granted or denied
16 by the Court.

17   **8.  <u>TROs and Injunctions</u>**: Parties seeking emergency or
18 provisional relief shall comply with Fed.R.Civ.P. 65 and
19 Local Rule 65.  The Court will not rule on any application
20 for such relief for at least twenty-four hours after the
21 party subject to the requested order has been served; such
22 party may file opposing or responding papers in the interim.
23 The parties shall deposit conformed courtesy copies of all
24 papers relating to TROs and injunctions in the drop box in
25 the entrance way to Chambers.

26   **9.  <u>Cases Removed From State Court</u>**: All documents filed
27 in state court, including documents appended to the
28 Complaint, Answer(s) and Motion(s), must be refiled in this

1  Court as a supplement to the Notice of Removal. See 28
2  U.S.C. § 1447(a)(b). If the defendant has not yet answered
3  or moved, the Answer or responsive pleading filed in this
4  Court must comply with the Federal Rules of Civil Procedure
5  and the Local Rules of the Central District. If before the
6  case was removed a motion was pending in state court, it must
7  be re-noticed in accordance with Local Rule 7.

8      **10.** **Status of Fictitiously Named Defendants**: This Court
9  adheres to the following procedures when a matter is removed
10 to this Court on diversity grounds with fictitiously named
11 defendants referred to in the Complaint: (See 28 U.S.C. §§
12 1441(a) and 1447.)

13     (a) Plaintiff shall ascertain the identity of and serve
14 any fictitiously named defendants within 120 days of the date
15 that the Complaint was filed in State Court.

16     (b) If plaintiff believes (by reason of the necessity for
17 discovery or otherwise) that fictitiously named defendants
18 cannot be fully identified within the 120-day period, an ex
19 parte application requesting permission to extend the period
20 to effectuate service may be filed with the Court. Such
21 application shall state the reasons therefore, and may be
22 granted upon a showing of good cause. The ex parte
23 application shall be served upon all appearing parties, and
24 shall state that appearing parties may respond within seven
25 calendar days of the filing of the ex parte application.

26     (c) If plaintiff desires to substitute a named defendant
27 for one of the fictitiously named defendants, plaintiff shall
28 first seek the consent of counsel for all defendants (and

1  counsel for the fictitiously named party, if that party has

2  separate counsel).  If consent is withheld or denied,

3  plaintiff may apply ex parte requesting such amendment, with

4  notice to all appearing parties. Each party shall have seven

5  calendar days to respond.  The ex parte application and any

6  response should comment not only on the substitution of the

7  named party for a fictitiously named defendant, but on the

8  question of whether the matter should thereafter be remanded

9  to the Superior Court if diversity of citizenship is

10 destroyed by the addition of the new substituted party.  See

11 28 U.S.C. § 1447(c)(d).

12   **11.  Bankruptcy Appeals**: Counsel shall comply with the

13 NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT issued at the

14 time the appeal is filed in the District Court.  The matter

15 is considered submitted upon the filing of the final brief.

16 No oral argument is held unless otherwise ordered by the

17 Court.

18   **12.  Communications with Chambers**: Counsel shall not

19 attempt to contact the Court or its Chambers staff by

20 telephone or by any other ex parte means, although counsel

21 may contact the Courtroom Deputy Clerk, at (213) 894-5396,

22 with appropriate inquiries.  To facilitate communication with

23 the Courtroom Deputy Clerk, counsel should list their

24 facsimile transmission numbers along with their telephone

25 numbers on all papers.

26   **13.  Notice of This Order**: Counsel for plaintiff shall

27 immediately serve this Order on all parties, including any

28 new parties to the action.  If this case came to the Court by

1 | noticed removal, defendant shall serve this Order on all
2 | other parties.
3 | **Caveat:  If counsel fail to file the required Joint Rule**
4 | **26(f) Report or the required Pre-Trial documents, or if**
5 | **counsel fail to appear at the Scheduling Conference, the Pre-**
6 | **Trial Conference and/or any other proceeding scheduled by the**
7 | **Court, and such failure is not otherwise satisfactorily**
8 | **explained to the Court: (a) the cause shall stand dismissed**
9 | **for failure to prosecute, if such failure occurs on the part**
10 | **of the plaintiff; (b) default judgment shall be entered if**
11 | **such failure occurs on the part of the defendant; or (c) the**
12 | **Court may take such action as it deems appropriate.**
13 |
14 | DATED:     June 14, 2005
15 |
16 |
17 |                                        JOHN F. WALTER
       UNITED STATES DISTRICT JUDGE
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

(Rev. 3/02/05)                                11