IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA LIMA, ) | |
| ) | 4:05CV3172 |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | SETTING SCHEDULE |
| ) | FOR PROGRESSION OF CASE |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

Following a conference with counsel pursuant to Fed. R. Civ. P. 16, concerning matters of importance in scheduling this case,

**IT IS ORDERED:** The provisions of the court's earlier, initial progression order remain in effect, and in addition to those provisions, the following shall apply:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than thirty (30) days prior to the date set for completion of depositions. See NECivR 56.1 and 7.1. In the statements of uncontroverted fact included in the parties' briefs related to such motion, each such uncontroverted fact shall be referenced to the element(s) of the claim or defense to which it relates. (REMINDER: If, in responding to a motion for summary judgment, counsel will need more than the twenty days allowed under the local rules, that extra time must be sought by motion during the first TEN days after the filing of the motion). Motions for summary judgment based on qualified immunity shall be filed by January 30, 2006.

2. **Motions to compel discovery** shall be filed not later than thirty (30) days prior to the date set for completion of depositions as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions to compel discovery until the date set for completion of depositions. Counsel are reminded of the provisions of NECivR 7.1(i).

3. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **May 23, 2006.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order.

4. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall

disclose the following information about each such document withheld: A description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates they received them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

5. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than sixty (60) days prior to the date set for the completion of depositions, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than thirty (30) days prior to the date set for the completion of depositions. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) **and** makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). <u>The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph</u>.

6. **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

> a. Nonexpert Witnesses - (thirty (30) days prior to the date set as the deposition deadline): The name, address and telephone number[2] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" pursuant to Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties.

b. Deposition Testimony and Discovery - (five (5) working days before the final pretrial conference): The portions of each deposition, designated by page and line, that it intends to offer, and each discovery response of another party it intends to offer, if not solely for impeachment.

c. Trial Exhibits - (five (5) working days before the final pretrial conference): A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**Waiver of Objections**: Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to F.R.Civ.P. 32(a) that a deponent is available to testify at the trial shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

7.  **Motions in Limine**

a. If the proponent or opponent of expert testimony believes that evidence must be presented under Fed. Rule Evid. 104(a) OUTSIDE THE PRESENCE OF THE JURY in order to secure or contest the admission of expert testimony at trial (*see, Kumho Tire Co., Ltd. v. Carmichael*, 119 S. Ct. 1167 (1999), *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993)), the proponent or opponent shall file an appropriate motion *in limine* and request such a hearing no later than the deadline for completion of depositions, in the absence of which any right to request such a hearing shall be deemed waived.

b. Any **other** motions *in limine* shall be filed on or before the date of the final pretrial conference.

8. **The Final Pretrial Conference** with the undersigned magistrate judge is set for **June 6, 2006 at 10:00 a.m.** in chambers, 566 Federal Building and United States Courthouse, Lincoln, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

---

[3] Again, all personal information should be redacted from the public version of the order and/or attachments filed with the clerk.

9. **Settlement:**

(a) Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal. Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

(b) In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of Judge Kopf's or Judge Piester's office.

(c) Notice of any settlement shall be given to Judge Kopf's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given to the judicial assistant for Judge Kopf in sufficient time to avoid summoning a jury, assessment of jury costs will normally be made against one or more of the following: (1) a plaintiff; (2) a defendant, and/or (3) counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial. In no event shall this paragraph be construed to require Judge Kopf to accept an untimely settlement.

10. **Jury trial** is set to commence, at the court's call, during the week of **June 26, 2006 for four trial days**, in Lincoln, Nebraska, before the Honorable Richard G. Kopf, United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

11. **Motions to alter dates**. All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

12. **Report on Mediation**: Not later than December 22, 2005, counsel shall report by letter or telephone call to the office of the undersigned: (a) the name of the mediator or other neutral facilitator they have hired for their mediation in this case; (b) the date the mediation is scheduled; and (c) the parties' agreement on whether the progression of the case otherwise ordered herein should be stayed pending the outcome of the mediation. The court will then enter an appropriate mediation reference order. In the event any party objects to the entry of a mediation reference order, such party shall, also not later than December 22, 2005, notify the undersigned by letter of the objection and the grounds therefor. In the event a mediation reference order is entered notwithstanding the party's informal objection, a formal objection may be filed not later then seven days following the filing of the mediation reference order and shall comply with paragraph 3(f) of the court's Mediation Plan (as amended January 30, 2004). Failure to file the objection shall be deemed a waiver of the objection.

13. Plaintiff's motion, filing 52, to strike filing number 51 is granted.

14. Plaintiff's motion to amend complaint, filing 53, is granted and the amended complaint shall be filed forthwith.

15. Plaintiff's motion to amend complaint, filing 50, is denied as moot.

16. Plaintiff's motion to extend progression deadlines, filing 57, is granted in part in accordance with this order and is otherwise denied.

DATED December 14, 2005.

BY THE COURT

s/ *David L. Piester*

United States Magistrate Judge

Rev:1-05